(Slip Opinion) OCTOBER TERM, 2014 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## GELBOIM ET AL. *v.* BANK OF AMERICA CORP. ET AL.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

No. 13–1174.   Argued December 9, 2014—Decided January 21, 2015

Three legal prescriptions figure in this case.  Title 28 U. S. C. §1291 gives the courts of appeals jurisdiction over appeals from "all final decisions of the district courts of the United States," and its core application is to rulings that terminate an action.  Federal Rule of Civil Procedure 54(b) permits district courts to authorize immediate appeal of dispositive rulings on separate claims in a civil action raising multiple claims.  And 28 U. S. C. §1407 authorizes the Judicial Panel on Multidistrict Litigation (JPML) to transfer civil actions "involving one or more common questions of fact . . . to any district for coordinated or consolidated pretrial proceedings" in order to "promote the just and efficient conduct of such actions," §1407(a).

The London InterBank Offered Rate (LIBOR) is a reference point in determining interest rates for financial instruments in the United States and globally.  The JPML established a multidistrict litigation (LIBOR MDL) for cases involving allegations that defendant-banks understated their borrowing costs, thereby depressing LIBOR and enabling the banks to pay lower interest rates on financial instruments sold to investors.  Over 60 actions were consolidated for pretrial proceedings in the U. S. District Court for the Southern District of New York, including a class action filed by petitioners Ellen Gelboim and Linda Zacher, who raised the single claim that several banks, acting in concert, had violated federal antitrust law.  Determining that no plaintiff could assert a cognizable antitrust injury, the District Court granted the banks' motion to dismiss all antitrust claims, including the Gelboim-Zacher complaint's sole claim.  The District Court thus dismissed the Gelboim-Zacher complaint, denied leave to amend, and dismissed the case in its entirety.  Other cases made part

of the LIBOR MDL, however, presented discrete claims which remained before the District Court. Assuming that the Gelboim-Zacher plaintiffs were entitled to an immediate appeal of right under §1291, the District Court granted Rule 54(b) certifications authorizing the plaintiffs in some of the multiple-claim actions to appeal the dismissal of their antitrust claims while their other claims remained pending in the District Court. On its own initiative, the Second Circuit dismissed the Gelboim-Zacher appeal because the order appealed from did not dispose of all of the claims in the consolidated action. The District Court thereafter withdrew its Rule 54(b) certifications.

*Held*: The order dismissing their case in its entirety removed Gelboim and Zacher from the consolidated proceeding, thereby triggering their right to appeal under §1291.

Because cases consolidated for MDL pretrial proceedings ordinarily retain their separate identities, an order disposing of one of the discrete cases in its entirety should qualify under §1291 as an appealable final decision. Section 1407 refers to individual "actions" transferrable to a single district court, not to a monolithic multidistrict "action" created by transfer. See *Lexecon Inc.* v. *Milberg Weiss Bershad Hynes & Lerach*, 523 U. S. 26, 37. And §1407(a)'s language—"at or before the conclusion of . . . pretrial proceedings," each transferred action must be remanded to the originating district "unless [the action] shall have been previously terminated"—indicates Congress' anticipation that, during the pendency of pretrial proceedings, final decisions might be rendered in one or more of the actions consolidated pursuant to §1407. The District Court's order dismissing the Gelboim-Zacher complaint was a final decision. The District Court completed its adjudication of petitioners' complaint and terminated their action. Petitioners thus are no longer participants in the consolidated proceedings. Nothing about the initial consolidation of their civil action with other LIBOR MDL cases renders the dismissal of their complaint tentative or incomplete.

To hold, as the banks contend, that no appeal of right accrues until a §1407 consolidation ends would leave plaintiffs like Gelboim and Zacher in a quandary about the event that triggers the 30-day period for taking an appeal. The sensible solution to the appeal-clock trigger is to allow an immediate appeal in a case such as this, where the transferee court in an MDL grants a defendant's dispositive motion on every claim (or the sole claim) in a transferred case. The banks are also concerned about allowing plaintiffs with the weakest cases to appeal because their complaint states only one claim, while leaving those with stronger cases unable to appeal simultaneously because they have other pending claims. But that concern is attended to by Rule 54(b), which authorizes district courts to grant certifications to

Syllabus

parties with multiple-claim complaints, thereby enabling plaintiffs in actions that have not been dismissed in their entirety to pursue immediate appellate review of discrete claims. The District Court did that in this very case. Rule 54(b), however, is of no avail to Gelboim and Zacher, who asserted only one claim. See *Sears, Roebuck & Co.* v. *Mackey*, 351 U. S. 427, 435. Section 1292(b)—which allows district courts to designate for review certain interlocutory orders—is also inapposite here, for there is nothing "interlocutory" about the dismissal order in the Gelboim-Zacher action. Pp. 6–10.

Reversed and remanded.

GINSBURG, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

_____

No. 13–1174

_____

## ELLEN GELBOIM, ET AL., PETITIONERS v. BANK OF AMERICA CORPORATION ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

[January 21, 2015]

JUSTICE GINSBURG delivered the opinion of the Court.

An unsuccessful litigant in a federal district court may take an appeal, as a matter of right, from a "final decisio[n] of the district cour[t]." 28 U. S. C. §1291. The question here presented: Is the right to appeal secured by §1291 affected when a case is consolidated for pretrial proceedings in multidistrict litigation (or MDL) authorized by 28 U. S. C. §1407?

Petitioners Ellen Gelboim and Linda Zacher filed in the United States District Court for the Southern District of New York a class-action complaint raising a single claim. They alleged that a number of banks, acting in concert, had violated federal antitrust law. Their case was consolidated for pretrial proceedings together with some 60 other cases, commenced in different districts, raising "one or more common questions of fact," §1407(a).

The defendant banks, respondents here, moved to dismiss the Gelboim-Zacher complaint on the ground that the plaintiffs had suffered no antitrust injury. The District Court granted the motion, denied leave to amend the complaint, and dismissed the case in its entirety. Other

cases made part of the multidistrict pretrial proceedings, however, presented discrete claims and remained before the District Court.

The Court of Appeals for the Second Circuit, acting on its own motion, dismissed the appeal filed by Gelboim and Zacher for want of appellate jurisdiction. We reverse the Second Circuit's judgment and hold that the Gelboim-Zacher complaint retained its independent status for purposes of appellate jurisdiction under §1291. Petitioners' right to appeal ripened when the District Court dismissed their case, not upon eventual completion of multidistrict proceedings in all of the consolidated cases.

I

Three legal prescriptions figure in this case: Title 28 U. S. C. §§1291 and 1407, and Federal Rule of Civil Procedure 54(b).

Section 1291 gives the courts of appeals jurisdiction over appeals from "all final decisions of the district courts of the United States." A "final decision" is one "by which a district court disassociates itself from a case." *Swint* v. *Chambers County Comm'n*, 514 U. S. 35, 42 (1995). While decisions of this Court have accorded §1291 a "practical rather than a technical construction," *Mohawk Industries, Inc.* v. *Carpenter*, 558 U. S. 100, 106 (2009) (quoting *Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U. S. 541, 546 (1949)), the statute's core application is to rulings that terminate an action, see *Catlin* v. *United States*, 324 U. S. 229, 233 (1945) (final decision is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment").

Rule 54(b) permits district courts to authorize immediate appeal of dispositive rulings on separate claims in a civil action raising multiple claims:

> "When an action presents more than one claim for relief . . . or when multiple parties are involved, the

court may direct entry of a final judgment as to one or
more, but fewer than all, claims or parties only if the
court expressly determines that there is no just rea-
son for delay."[1]

Rule 54(b) relaxes "the former general practice that, in
multiple claims actions, *all* the claims had to be finally
decided before an appeal could be entertained from a final
decision upon any of them." *Sears, Roebuck & Co.* v.
*Mackey*, 351 U. S. 427, 434 (1956). The Federal Rules
allow a plaintiff to "state [in one complaint] as many
separate claims . . . as it has." Rule 8(d)(3). Rule 54(b)
was adopted in view of the breadth of the "civil action" the
Rules allow, specifically "to avoid the possible injustice" of
"delay[ing] judgment o[n] a distinctly separate claim
[pending] adjudication of the entire case." Report of Advi-
sory Committee on Proposed Amendments to Rules of
Civil Procedure 70 (1946) (explaining that Rule 54(b) was
recast in 1946 to avoid confusion and misapplication); see
*Dickinson* v. *Petroleum Conversion Corp.*, 338 U. S. 507,
511 (1950) (Rule 54(b) responded to liberalized joinder of
claims and parties under the Federal Rules, which "in-
creased the danger of hardship and denial of justice
through delay if each issue must await the determination
of all issues as to all parties before a final judgment can be
had"). The Rule thus aimed to augment, not diminish,
appeal opportunity.

Section 1407 is of more recent vintage. Enacted in 1968
in response to a growing number of complex but related
cases filed in multiple districts, §1407 authorizes the
Judicial Panel on Multidistrict Litigation (JPML) to trans-
fer civil actions "involving one or more common questions

---

[1] Compare Rule 54(b), which lodges discretion to authorize appeals in
district courts, with Federal Rule of Civil Procedure 23(f), which au-
thorizes courts of appeals to permit an immediate appeal from a district
court order granting or denying class-action certification.

of fact . . . to any district for coordinated or consolidated pretrial proceedings" in order to "promote the just and efficient conduct of such actions."  §1407(a); see H. R. Rep. No. 1130, 90th Cong., 2d Sess., 2 (1968) (§1407 codified procedures used in the early 1960's to resolve more than 1,800 separate actions filed against electrical equipment manufacturers in 33 District Courts, all of the actions seeking damages for antitrust law violations).

Transfer under §1407 aims to "eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts."  Manual for Complex Litigation §20.131, p. 220 (4th ed. 2004).  "Each action" transferred pursuant to §1407, the provision instructs, "shall be remanded by the panel at or before the conclusion of . . . pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated."  §1407(a).

## II

The London InterBank Offered Rate (LIBOR) is a benchmark interest rate disseminated by the British Bankers' Association based on the rate at which certain banks predict they can borrow funds.  LIBOR is a reference point in determining interest rates for financial instruments in the United States and globally.

In August 2011, the JPML established MDL No. 2262 (LIBOR MDL) for cases involving allegations that the banks named as defendants understated their borrowing costs, thereby depressing LIBOR and enabling the banks to pay lower interest rates on financial instruments sold to investors.  *In re Libor-Based Financial Instruments Antitrust Litigation*, 802 F. Supp. 2d 1380 (JPML 2011).  Composing the LIBOR MDL, over 60 actions, commenced in California, Illinois, Iowa, Kansas, Massachusetts, Minnesota, New Jersey, New York, Ohio, Pennsylvania, Texas,

Virginia, and Wisconsin, were coordinated or consolidated for pretrial proceedings in the United States District Court for the Southern District of New York.

In June 2012, the District Court entertained a motion to dismiss four categories of cases included in the MDL. The first three categories involved putative class actions, each with a single lead case: (1) the Gelboim-Zacher action, filed on behalf of purchasers of bonds with LIBOR-linked interest rates; (2) an action filed on behalf of purchasers of over-the-counter LIBOR-based instruments (OTC plaintiffs); (3) an action filed on behalf of purchasers of LIBOR-based instruments on exchanges (Exchange plaintiffs). The fourth category, not relevant here, comprised a set of individual actions filed by Charles Schwab Corporation and related entities. The Gelboim-Zacher complaint asserted a federal antitrust claim under §1 of the Sherman Act, 15 U. S. C. §1, and that claim only, while the complaints in the other actions asserted a federal antitrust claim in addition to other differently based federal and state claims.

Determining that no plaintiff could assert a cognizable antitrust injury, the District Court granted the banks' motion to dismiss plaintiffs' antitrust claims—the sole claim raised in the Gelboim-Zacher complaint. Assuming that the Gelboim-Zacher plaintiffs were entitled to an immediate appeal of right under §1291 because their suit had been "dismissed in [its] entirety," App. to Pet. for Cert. 219a, the District Court granted Rule 54(b) certifications to the OTC and Exchange plaintiffs authorizing them to appeal the dismissal of their antitrust claims while their other claims remained pending in the District Court.

On its own initiative, the Second Circuit dismissed the Gelboim-Zacher appeal because the "orde[r] appealed from did not dispose of all claims in the consolidated action."

*Id.,* at 2a.[2]   The District Court thereafter withdrew its
Rule 54(b) certifications in the OTC and Exchange plain-
tiffs' actions and, "given the reaction of the Second Cir-
cuit," App. 294, denied petitioners' request for a Rule 54(b)
certification.

We granted review of the Second Circuit's judgment
dismissing the Gelboim-Zacher appeal.   573 U. S. ___
(2014).  Before this Court, petitioners Gelboim and Zacher
contend that the order dismissing their case in its entirety
removed them from the consolidated proceeding, thereby
triggering their right to appeal under §1291.  Respondent
banks urge that consolidated cases proceed as one unit for
the duration of the consolidation.  Consequently, they
maintain, there is no appeal of right from an order dis-
missing fewer than all consolidated claims, thus the sole
avenue for appeal while the consolidation continues is
Rule 54(b).  Agreeing with Gelboim and Zacher, we reverse
the Court of Appeals' judgment.

## III

Cases consolidated for MDL pretrial proceedings ordi-
narily retain their separate identities,[3] so an order dispos-

———————

[2]The Second Circuit "strong[ly] presum[es]" that a "judgment in a
consolidated [proceeding] that does not dispose of all [consolidated]
claims . . . is not appealable absent Rule 54(b) certification." *Hageman*
v. *City Investing Co.*, 851 F. 2d 69, 71 (1988).  In this regard, the Circuit
does not differentiate between all-purpose consolidations, see *ibid.*
(actions "could originally have been brought as one action" and there
was "no indication that the cases were consolidated only for limited
purposes"); *Houbigant, Inc.* v. *IMG Fragrance Brands, LLC*, 627 F. 3d
497, 498 (2010) (actions consolidated "for all purposes"), and, as this
case illustrates, §1407 consolidations for pretrial proceedings only.  The
presumption may be overcome in "highly unusual circumstances,"
*Hageman*, 851 F. 2d, at 71*,* but the Second Circuit has not elaborated
on what those circumstances might be.

[3]Parties may elect to file a "master complaint" and a corresponding
"consolidated answer," which supersede prior individual pleadings.  In
such a case, the transferee court may treat the master pleadings as

ing of one of the discrete cases in its entirety should qual-
ify under §1291 as an appealable final decision. Section
1407 refers to individual "actions" which may be trans-
ferred to a single district court, not to any monolithic
multidistrict "action" created by transfer. See *Lexecon Inc.*
v. *Milberg Weiss Bershad Hynes & Lerach*, 523 U. S. 26, 37
(1998) (§1407 does not "imbu[e] transferred actions with
some new and distinctive . . . character").[4] And Congress
anticipated that, during the pendency of pretrial proceed-
ings, final decisions might be rendered in one or more of
the actions consolidated pursuant to §1407. It specified
that "at or before the conclusion of . . . pretrial proceed-
ings," each of the transferred actions must be remanded to
the originating district "*unless [the action] shall have been
previously terminated.*" §1407(a) (emphasis added).

The District Court's order dismissing the Gelboim-
Zacher complaint for lack of antitrust injury, without
leave to amend, had the hallmarks of a final decision.
Ruling on the merits of the case, the District Court com-
pleted its adjudication of petitioners' complaint and termi-
nated their action. As a result of the District Court's
disposition, petitioners are no longer participants in the
consolidated proceedings. Nothing about the initial con-
solidation of their civil action with other cases in the

---

merging the discrete actions for the duration of the MDL pretrial
proceedings. *In re Refrigerant Compressors Antitrust Litigation*, 731
F. 3d 586, 590–592 (CA6 2013). No merger occurs, however, when "the
master complaint is not meant to be a pleading with legal effect but
only an administrative summary of the claims brought by all the
plaintiffs." *Id.,* at 590.

[4] We express no opinion on whether an order deciding one of multiple
cases combined in an all-purpose consolidation qualifies under §1291 as
a final decision appealable of right. See *Brown* v. *United States*, 976 F.
2d 1104, 1107 (CA7 1992) (cases consolidated for all purposes "become a
single judicial unit," but where the consolidation is for limited purposes
only, "a decision disposing of all the claims in only one of the cases is a
final decision subject to immediate appeal").

LIBOR MDL renders the dismissal of their complaint in any way tentative or incomplete. As is ordinarily the case, the §1407 consolidation offered convenience for the parties and promoted efficient judicial administration, but did not meld the Gelboim-Zacher action and others in the MDL into a single unit. Cf. *supra,* at 6, n. 3.[5]

The banks' view that, in a §1407 consolidation, no appeal of right accrues until the consolidation ends would leave plaintiffs like Gelboim and Zacher in a quandary about the proper timing of their appeals. Under Federal Rule of Appellate Procedure 4, which this Court has called "jurisdictional," *Bowles* v. *Russell*, 551 U. S. 205, 209 (2007), a notice of appeal in a civil case must be filed "within 30 days after entry of the judgment or order appealed from," Rule 4(a)(1)(A). If plaintiffs whose actions have been dismissed with prejudice by a district court must await the termination of pretrial proceedings in all consolidated cases, what event or order would start the 30-day clock? When pretrial consolidation concludes, there may be no occasion for the entry of any judgment. Orders may issue returning cases to their originating courts,[6] but an order of that genre would not qualify as the dispositive

————————

[5] In delineating the narrow scope of the "collateral-order" doctrine, we have cautioned against permitting piecemeal, *prejudgment* appeals. Those admonitions, cited by the banks, Brief for Respondents 18–19, are not pertinent here. Under the collateral order doctrine, an order may be deemed "final" if it disposes of a matter "separable from, and collateral to" the merits of the main proceeding, "too important to be denied review," and "too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen* v. *Beneficial Industrial Loan Corp.,* 337 U. S. 541, 546 (1949). The order dismissing the Gelboim-Zacher complaint in its entirety was in no sense "collateral," *i.e.*, "independent of the cause itself." Scarcely a *prejudgment* ruling, the dismissal order left nothing still pending decision in the District Court.

[6] In fact, "[f]ew cases [consolidated pursuant to §1407] are remanded for trial; most multidistrict litigation is settled in the transferee court." Manual for Complex Litigation §20.132, p. 223 (4th ed. 2004).

ruling Gelboim and Zacher seek to overturn on appeal. And surely would-be appellants need not await final disposition of all cases in their originating districts, long after pretrial consolidation under §1407 could even arguably justify treating the cases as a judicial unit.

The sensible solution to the appeal-clock trigger is evident: When the transferee court overseeing pretrial proceedings in multidistrict litigation grants a defendant's dispositive motion "on all issues in some transferred cases, [those cases] become immediately appealable . . . while cases where other issues remain would not be appealable at that time." D. Herr, Multidistrict Litigation Manual §9:21, p. 312 (2014).

The banks express concern that plaintiffs with the weakest cases may be positioned to appeal because their complaint states only one claim, while plaintiffs with stronger cases will be unable to appeal simultaneously because they have other claims still pending. Brief for Respondents 46–47. Rule 54(b) attends to this concern. District courts may grant certifications under that Rule, thereby enabling plaintiffs in actions that have not been dismissed in their entirety to pursue immediate appellate review. That is just what happened in this very case. The District Court granted Rule 54(b) certifications to the OTC and Exchange plaintiffs so they could appeal at the same time Gelboim and Zacher could. See *supra,* at 5. And if the MDL court believes that further proceedings might be relevant to a claim a defendant moves to dismiss, the court ordinarily can defer ruling on the motion, thus allowing all plaintiffs to participate in the ongoing MDL proceedings.

While Rule 54(b) can aid parties with multiple-claim complaints—here, the OTC and Exchange plaintiffs, *supra,* at 5—the Rule, properly read, is of no avail to Gelboim and Zacher. Rule 54(b) addresses orders finally adjudicating fewer than all claims presented in a civil action complaint. It "does not apply to a single claim

action nor to a multiple claims action in which all of the claims have been finally decided." *Mackey*, 351 U. S., at 435; see *Liberty Mut. Ins. Co.* v. *Wetzel*, 424 U. S. 737, 742–743 (1976) (Rule 54(b) inapplicable where "complaint advanced a single legal theory which was applied to only one set of facts"). In short, Rule 54(b) is designed to permit acceleration of appeals in multiple-claim cases, not to retard appeals in single-claim cases.[7]

Section 1292(b), the banks conceded at argument, see Tr. of Oral Arg. 40–41, is inapposite here. It allows district courts to designate for review *interlocutory orders* "not otherwise appealable," where immediate appeal "may materially advance the ultimate termination of the litigation." §1292(b). The designation may be accepted or rejected in the discretion of the court of appeals. *Ibid.* See generally Solimine, Revitalizing Interlocutory Appeals in the Federal Courts, 58 Geo. Wash. L. Rev. 1165 (1990); Note, Interlocutory Appeals in the Federal Courts Under 28 U. S. C. §1292(b), 88 Harv. L. Rev. 607 (1975). It suffices to note that there is nothing "interlocutory" about the dismissal order in the Gelboim-Zacher action.

\*          \*          \*

For the reasons stated, we reverse the judgment of the U. S. Court of Appeals for the Second Circuit deeming the District Court's dismissal of the Gelboim-Zacher complaint unripe for appellate review, and we remand the case for further proceedings consistent with this opinion.

*It is so ordered.*

---

[7] We need not decide whether or how Rule 54(b) applies to cases consolidated for all purposes involving closely related issues, actions that could have been brought under the umbrella of one complaint. Cf. *supra,* at 7, n. 4. The Rule surely was not designed to apply to numerous actions that the MDL panel combines for efficient pretrial proceedings because they have in common "one or more questions of fact," but otherwise vary in character.