In the

# United States Court of Appeals
## For the Seventh Circuit

No. 15-2224

WINDOW WORLD OF CHICAGOLAND, LLC, and DAVID L. HAMPTON,

*Plaintiffs-Appellants,*

*v.*

WINDOW WORLD, INC., *et al.,*

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13 C 4624 — **John Robert Blakey**, *Judge.*

ARGUED JANUARY 7, 2016 — DECIDED JANUARY 27, 2016

Before EASTERBROOK, MANION, and SYKES, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Between 2005 and 2009 David Hampton and his business (collectively Hampton) entered into several contracts with Window World, Inc., which allowed Hampton to use its trademarks and business methods for the retail sale and installation of windows and doors. In 2011 Window World alerted Hampton that their dealings were subject to the Illinois Franchise Disclosure Act, 815

ILCS 705/1 to 705/44. (Earlier in 2011 the Attorney General of Illinois had sued Window World under that Act; the case was settled and a consent decree entered a month after Window World notified Hampton.)

Window World told Hampton that he had 35 days to elect between rescinding the contracts (which would mean stopping the use of Window World's intellectual property) and signing a formal franchise agreement. Hampton did not pursue either alternative. Instead he filed a federal suit, under the diversity jurisdiction, accusing Window World of violating the Act, of fraud, and of other wrongs, all under state law. This suit, No. 12 C 579, was assigned to Judge Lindberg. We call it Suit 1.

While Suit 1 was pending, Window World filed litigation of its own, under the Lanham Act, seeking (among other things) damages for continued use of its intellectual property after the 35-day option had expired, and an injunction against future use of its marks and methods. That suit, No. 12 C 4329, also was assigned to Judge Lindberg. We call it Suit 2.

In Suit 2 Hampton signed and returned a waiver of service, see Fed. R. Civ. P. 4(d), which meant that the time to answer the complaint started to run. But Hampton did not hire a lawyer to represent him in Suit 2, even though he was represented by counsel in Suit 1. Hampton dismissed Suit 1, without prejudice, three weeks after Suit 2 began, but he did not respond to the complaint in Suit 2. After enough time had passed, Window World moved in Suit 2 for entry of default, which was granted, and then for default judgment. All motions and notices in Suit 2 were duly entered in the court's electronic filing system, but Hampton was not pay-

ing attention to that system. So he did not respond to Window World's motions or appear at the hearings scheduled to address them. (Written service on a defaulting party is not required, see Fed. R. Civ. P. 5(a)(2), and Window World did not go the extra mile.) On December 4, 2012, Judge Lindberg entered a default judgment that awarded Window World more than $100,000 in damages and costs and permanently enjoined Hampton from using any of Window World's intellectual property (including the name "Window World") or doing anything that might cause confusion between his business and the Window World franchise organization.

Hampton went right on calling his business Window World of Chicagoland but did not make the payments required by the contracts. (He had not paid Window World since filing Suit 1.) Nor did he pay a penny of the damages or costs. Oddly, Window World did not ask the district court to hold him in contempt. Hampton has since shuttered the business, which may explain Window World's inaction. But Hampton has not stopped litigating. In 2013 he filed a new federal suit (Suit 3) presenting the same claims as the dismissed Suit 1. Hampton also asked the district court to reopen Suit 2 and set aside the default judgment. Judge Lindberg having retired, that request was assigned to Judge Durkin.

Judge Durkin concluded that Hampton's failure to follow the electronic filings in Suit 2, coupled with his professed belief that Suits 1 and 2 had been dismissed as a package, amounted to excusable neglect that justified vacatur. 2014 U.S. Dist. LEXIS 44244 (N.D. Ill. Apr. 1, 2014). But Judge Durkin added that Hampton's inaction in Suit 2 had put Window World to unnecessary expense, and he conditioned

the reopening of Suit 2 on Hampton's payment of some $33,000. Once again Hampton did not pay. That led Judge Durkin to vacate his vacatur. On August 5, 2015, Judge Durkin reinstated Judge Lindberg's default judgment (both damages and injunction). Suit 2 then was reassigned to Judge Blakey, who was handling Suit 3.

Hampton did not appeal from the re-entered judgment in Suit 2. One would have thought this the end of matters, because the claims that Hampton presses against Window World in Suit 3 were compulsory counterclaims in Suit 2. When Hampton nonetheless pursued Suit 3, Window World asked Judge Blakey to dismiss it under principles of claim preclusion (res judicata). Judge Blakey did so. He concluded that the twice-final, and unappealed, judgment in Suit 2 forecloses any claim that Window World owes damages to Hampton or that Hampton can continue using Window World's name or other trademarks.

Hampton insists on appeal that this decision is mistaken. Preclusion (res judicata) cannot apply, he maintains, because it concerns how the final decision in one suit affects proceedings in a different suit. Suits 2 and 3 are now the *same* suit, according to Hampton, because they have been consolidated before Judge Blakey.

That contention confuses administrative and full consolidation. Judge Blakey wrote that the consolidation is for administrative convenience, avoiding the need for multiple district judges to address the same arguments; the suits have not been fully consolidated, he observed, if only because they still carry separate docket numbers. That is why Judge Blakey held that the outcome of Suit 2 is preclusive in Suit 3.

The difference between administrative and full consolidation is established by Fed. R. Civ. P. 42(a). Subsection (a)(2) provides for full consolidation, while subsections (a)(1) and (a)(3) authorize other forms of consolidation. Suits 2 and 3 have been joined for hearings, see Rule 42(a)(1), rather than fully consolidated under Rule 42(a)(2). Suits administratively consolidated for hearings retain their independent existence. See *Gelboim v. Bank of America Corp.*, 135 S. Ct. 897 (2015) (same result for cases consolidated under 28 U.S.C. §1407 for pretrial proceedings). So Judge Blakey was right, for the right reason. (Hampton concedes that, if Suit 2 remains separate from Suit 3, his current claims are barred.)

Suppose this is wrong, however, and that Suits 2 and 3 have been fully consolidated. The fact remains that Hampton is subject to a permanent injunction—and an injunction is immediately appealable under 28 U.S.C. §1291(a) even though the award of trademark damages could not have been appealed (given the assumption of full consolidation) in the absence of a partial final judgment under Fed. R. Civ. P. 54(b). The right doctrine for full consolidation would be law of the case rather than claim preclusion, because the relief Hampton seeks under state law would be inconsistent with the relief Window World already has received. See *Pepper v. United States*, 562 U.S. 476, 506 (2011). Hampton gave up his chance to have the judgment in Window World's favor set aside, and there is no other plausible exception to law of the case, which means that it just does not matter which doctrine applies. If the suits are separate, claim preclusion blocks Hampton's current claims; if they are fully consolidated, law of the case leads to the same outcome.

AFFIRMED