**TREMCORP HOLDINGS, INC., Appellant/Plaintiff**
**v.**
**SCOTT HARRIS et al., Appellees/Defendants**

S. Ct. Civil No. 2016-0013

Supreme Court of the Virgin Islands

September 7, 2016

EDWARD L. BARRY, ESQ., St. Croix, USVI, *Attorney for Appellant*.

W. JOHN AMERLING, ESQ., MICHAEL J. SANFORD, ESQ., MICHAEL AARON ROGERS, ESQ., Sanford Amerling & Associates, St. Croix, USVI, *Attorneys for Appellees*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(September 7, 2016)

PER CURIAM. Appellees Scott Harris and John McCann move this Court to dismiss the appeal by Appellant Tremcorp Holdings, Inc., because it is purportedly not from a final judgment. For the following reasons, we conclude that we possess jurisdiction, and thus deny the motion to dismiss.

# I. BACKGROUND

The parties to this appeal have been involved in two separate lawsuits relating to the sale of a St. Croix business. The first action, *UDI Management, Inc. v. Tremblay*, Super. Ct. Civ. No. 45/2013 (STX), was filed on February 14, 2013, and sought to enjoin Christopher Tremblay — the sole owner of Tremcorp Holdings — from exercising any control over the disposition of the business's assets. Although the Superior Court, in a February 21, 2013 order, directed the parties in that case to proceed to arbitration, Tremblay initiated a second action, *Tremblay v. Harris*, Super. Ct. Civ. No. 85/2013 (STX), on March 18, 2013, which sought money damages for fraud and other causes of action. Ultimately, the parties to the second action agreed to proceed to arbitration, and stipulated to have that case stayed pending arbitration, which the Superior Court approved on May 28, 2013.

The parties to the second action arbitrated the matter, and the arbitrator issued a decision on October 2, 2014. In that decision, the arbitrator found that Tremcorp Holdings was not entitled to any damages on any of its claims. On February 20, 2015, Tremcorp Holdings filed, as part of the second action, a motion to vacate the arbitration award. Subsequently, Harris and McCann filed an opposition that challenged the timeliness of the motion to vacate, and also requested that the Superior Court consolidate both actions, and confirm the arbitration award. Although Tremcorp Holdings opposed the consolidation request, the Superior Court consolidated the cases on December 8, 2015, and denied the motion to vacate as untimely on February 16, 2016.

Tremcorp Holdings filed a notice of appeal with this Court on March 4, 2016. On April 7, 2016, Harris and McCann moved to dismiss this appeal on grounds that the Superior Court's February 16, 2016 order was not a final judgment, since all issues in the consolidated case had not yet been adjudicated. This Court, in an April 8, 2016 order, directed Tremcorp Holdings to file a response to the motion to dismiss.[1] On April 28, 2016, Harris and McCann filed a supplemental motion to dismiss that provided

---

[1] In its April 8, 2016 order, this Court also ordered the parties to brief whether this Court — were it to conclude that it possesses jurisdiction over this appeal — should take summary action pursuant to Internal Operating Procedure 9.4 in light of our decision in *Gov't of the V.I. v. UIW-SIU*, 64 V.I. 312, 321-322 (V.I. 2016). However, after reviewing the parties' filings on that issue, this Court concludes that summary action is not warranted at this time.

further argument in support of their claim that this appeal should be dismissed. Tremcorp Holdings ultimately filed a response on May 3, 2016, in which it argued in support of this Court's jurisdiction.

## II. JURISDICTION

██ Before considering the merits of any case, this Court must satisfy itself that it may exercise jurisdiction over the matter. *V.I. Gov't Hosp. & Health Facilities Corp. v. Gov't of the V.I.*, 50 V.I. 276, 279 (V.I. 2008). Ordinarily, this Court may only hear an appeal from a final judgment of the Superior Court. 4 V.I.C. § 32(a). Although Harris and McCann maintain that the February 16, 2016 order is not a final judgment, Tremcorp Holdings contends that this Court possesses jurisdiction over its appeal because, had the Superior Court not consolidated the two otherwise-separate actions, the February 16, 2016 order denying its motion to vacate the arbitration award would have been a final judgment in Super. Ct. Civ. No. 85/2013 (STX).

██ This Court has previously held that the denial of a motion to vacate an arbitration award constitutes a final judgment for purposes of section 32(a). *See UIW-SIU*, 64 V.I. at 319. Although in this case the Superior Court has not yet ruled on Harris and McCann's motion to confirm the arbitration award, requiring the Superior Court to confirm the arbitration award prior to permitting an appeal, despite the Superior Court denying the motion to vacate the award as untimely, would be "a vain and superfluous procedural step." *Geiger v. Morgan Stanley DW, Inc.*, No. 09AP-608, 2010 Ohio App. LEXIS 2359, *6 (Ohio Ct. App. June 22, 2010) (unpublished). This is because "[a]bsent a timely motion to vacate, modify, or correct the award, a court has no choice but to confirm the award as rendered." *MBNA America Bank, N.A. v. Hart*, 2006 ND 33, 710 N.W.2d 125, 128 (2006) (citing *Broward County Paraprofessional Ass'n v. School Bd. of Broward County*, 406 So. 2d 1252, 1253 (Fla. Dist. Ct. App. 1981)); *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008) (under the Federal Arbitration Act, "a court must confirm an arbitration award unless it is vacated, modified, or corrected") (internal quotation marks and citation omitted); *In re Chevron U.S.A., Inc.*, 419 S.W.3d 341, 351 (Tex. App. 2010) ("Because [the party] filed its motion to vacate . . . after the expiration of the limitations period, the trial court had a ministerial duty to deny the motion to vacate and grant the motion to confirm.").

Consequently, the Superior Court's failure to rule on Harris and McCann's motion to confirm the arbitration award does not defeat the finality of its February 16, 2016 order, when its decision to deny Tremcorp Holding's motion to vacate the same arbitration award as untimely has left it with no choice but to confirm the award.

Although Tremcorp Holdings filed the motion to vacate as part of Super. Ct. Civ. No. 85/2013 (STX), and the Superior Court's denial of that motion as untimely effectively resolved all claims between the parties to that case,[2] Harris and McCann contend in their motion to dismiss that Tremcorp Holdings cannot appeal the February 16, 2016 order because the Superior Court granted their motion to consolidate Super. Ct. Civ. No. 85/2013 (STX) with Super. Ct. Civ. No. 45/2013 (STX). But even assuming that the resolution of Super. Ct. Civ. No. 85/2013 (STX) does not necessarily dispose of all claims in Super. Ct. Civ. No. 45/2013 (STX), we conclude that the Superior Court's consolidation order does not affect the finality of its February 16, 2016 order.

█ Because the Legislature modelled section 32(a) after the federal statute authorizing appeals from final orders or judgments, we may refer to federal court decisions as persuasive authority for analyzing whether an order is "final" within the meaning of section 32(a). *In re Rogers*, 56 V.I. 325, 333-34 (V.I. 2012) (citing *People v. Pratt*, 50 V.I. 318, 323 (V.I. 2008)). As Tremcorp Holdings correctly recognizes in its response, for many years, federal appellate courts have been deeply divided as to whether a trial court's decision to consolidate two or more separately-filed cases prevents a party from appealing an otherwise-final judgment

---

[2] Although Tremcorp Holdings had included additional defendants in its complaint in Super. Ct. Civ. No. 85/2013 (STX), in their opposition to the motion to vacate, Harris and McCann represented to the Superior Court that "[t]he entities purportedly sued either do not exist or were not served," that "[n]one of these entities have any claims which were not encompassed . . . in the two actions," and that "no such other issues exist or are in need of resolution" with respect to those entities. (Opp. 14.) Consequently, the potential pendency of claims against these additional defendants will not defeat this Court's jurisdiction to review the February 16, 2016 order, when all claims between Tremcorp Holdings, Harris, and McCann have been resolved, any claims between Tremcorp Holdings and these other defendants will either never be resolved or are far from being resolved, and any such claims involve questions completely separate from the issue to be presented on appeal. *Accord First Am. Dev. Group/ Carib, LLC v. WestLB AG*, S. Ct. Civ. No. 2012-0023, 2012 V.I. Supreme LEXIS 39, at *5 (V.I. Apr. 30, 2012) (unpublished) (treating a judgment as final despite the presence of certain unresolved claims below).

with respect to one of those cases. In one line of cases, courts hold that a final judgment entered in one of the cases is always appealable, since each separately-filed case retains its separate identity notwithstanding the trial court's decision to consolidate them. *See, e.g., Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 551 (6th Cir. 1994); *Albert v. Maine Cent. R.R. Co.*, 898 F.2d 5, 6-7 (1st Cir. 1990). Other courts, however, determined that consolidated cases lose their separate identity and become a single action, such that a judgment that would otherwise be final absent consolidation may not be appealed until the entire consolidated matter is disposed of. *See, e.g., Spraytex, Inc. v. DJS&T*, 96 F.3d 1377, 1382 (Fed. Cir. 1996); *Trinity Broad. Corp. v. Eller*, 827 F.2d 673, 675 (10th Cir. 1987); *Huene v. United States*, 743 F.2d 703, 705 (9th Cir. 1984). The majority of courts, however, do not apply a bright-line rule, but have adopted a flexible — or case-by-case — approach, in which the type of consolidation, as well as the relationship between the cases, is examined to determine whether a judgment disposing of one of the cases is final. *See, e.g., United States ex rel. Hampton v. Columbia/HCA Healthcare Corp.*, 318 F.3d 214, 216, 355 U.S. App. D.C. 23 (D.C. Cir. 2003); *Tri-State Hotels, Inc. v. FDIC*, 79 F.3d 707, 711-12 (8th Cir. 1996); *Eggers v. Clinchfield Coal Co.*, 11 F.3d 35, 39 (4th Cir. 1993); *Road Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 149-51 (5th Cir. 1992); *Brown v. United States*, 976 F.2d 1104, 1107 (7th Cir. 1992); *Hall v. Wilkerson*, 926 F.2d 311, 314 (3d Cir. 1991); *Lewis Charters, Inc. v. Huckins Yacht Corp.*, 871 F.2d 1046, 1048-49 (11th Cir. 1989); *Hageman v. City Investing Co.*, 851 F.2d 69, 71 (2d Cir. 1988).

Although Harris and McCann did not acknowledge this split in authorities in their motion to dismiss, they have implicitly taken the position that this Court should adopt a bright-line rule that — absent certification for an interlocutory appeal or other exception to the final judgment rule — a judgment resolving a case that has been consolidated with others can never be appealed unless all of the consolidated cases have been resolved. Although it claims that treating consolidated cases as independently appealable represents "the most principled[ ] and intellectual consistent" approach, Tremcorp Holdings argues that this Court should adopt either of the bright-line rules and reject the case-by-case approach favored by a majority of jurisdictions, since any uncertainty in when a party must file a notice of appeal in a consolidated case has the potential to deprive a party of their right to appeal. *See*

*Huene*, 743 F.2d at 704 ("[I]t is essential that the point at which a judgment is final be crystal clear because appellate rights depend upon it. The opportunity to appeal could be lost by a mistaken belief that the judgment is not final and a consequent failure to file timely a notice of appeal.").

■ The Supreme Court of the United States, while not directly addressing this split, has nevertheless indicated that it favors the rule that the consolidation of cases at the trial level does not destroy their individual identity. In interpreting a different federal statute — former 28 U.S.C. § 734 — the United States Supreme Court held that "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97, 53 S. Ct. 721, 77 L. Ed. 1331 (1933). More recently, the United States Supreme Court rejected the claim that consolidation, no matter for what purpose, prohibits a party from appealing what would constitute an otherwise final judgment had consolidation not been ordered by the trial court. *Gelboim v. Bank of America Corp.*, 574 U.S. ___, 135 S. Ct. 897, 904, 190 L. Ed. 2d 789 (2015). Although the United States Supreme Court declined to resolve the circuit split, it concluded that a judgment that would have otherwise been appealable as a final judgment had it not been consolidated in multidistrict litigation pursuant to 28 U.S.C. § 1407 was immediately appealable. In announcing this rule, the United States Supreme Court echoed the reasoning of its *Johnson* decision, emphasizing that cases consolidated under section 1407 "ordinarily retain their separate identities" and that such "consolidation offered convenience for the parties and promoted efficient judicial administration, but did not meld [the appellants'] action and others in the [multidistrict litigation] into a single unit." *Gelboim*, 135 S. Ct. at 904-05. Notably, the United States Supreme Court also expressed concern that a different rule "would leave plaintiffs . . . in a quandary about the proper timing of their appeals" — particularly if they did not receive notice of the last order or judgment in the case — and unfairly require litigants to languish for years waiting for other cases to reach a final disposition. *Id.* at 905. Thus, the Supreme Court concluded that "[t]he sensible solution to the appeal-clock trigger is evident: When the [court] grants a defendant's dispositive motion 'on all issues in some transferred cases, [those cases] become immediately

appealable . . . while cases where other issues remain would not be appealable at that time.' " *Id.* at 905-06 (quoting D. HERR, MULTIDISTRICT LITIGATION MANUAL § 9:21, p. 312 (2014)).

■ We agree with the United States Supreme Court's reasoning, as well as that of the First Circuit and Sixth Circuit, and therefore conclude that, for purposes of 4 V.I.C. § 32(a), an order issued by the Superior Court in a consolidated case is appealable as of right to this Court as a final judgment if that order would qualify for appeal as a final judgment had the Superior Court not consolidated the cases. Because the Superior Court's February 16, 2016 order would have been an appealable final judgment had the Superior Court not granted the motion to consolidate Super. Ct. Civ. No. 45/2013 (STX) with Super. Ct. Civ. No. 85/2013 (STX), this Court possesses jurisdiction over this appeal.

## IV. CONCLUSION

Because separately-filed cases consolidated by the Superior Court do not lose their individual character, we conclude that the February 16, 2016 order is a final judgment, since it disposed of all issues in Super. Ct. Civ. No. 85/2013 (STX) even though certain issues in Super. Ct. Civ. No. 45/2013 (STX) remain pending. Accordingly, the motion to dismiss is denied, and the Clerk of the Court is directed to issue a new scheduling order.