NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1564
_____

ELSA HALL, As Personal Representative of the
Estate of Ethlyn Louise Hall and as Successor
Trustee of the Ethlyn Louise Hall Family Trust,
                                                Appellant

v.

SAMUEL HALL; HALL & GRIFFITH, PC
_____

On Appeal from the District Court
of the Virgin Islands
(D.C. Nos. 3-11-cv-00054 and 3-13-cv-00095)
District Judge:  Hon. Curtis V. Gomez
_____

Argued
December 12, 2016

Before:  CHAGARES, JORDAN and HARDIMAN, *Circuit Judges*.

(Filed: February 10, 2017)
_____

Andrew C. Simpson   [ARGUED]
Andrew C. Simpson Law Offices
2191 Church Street, Suite 5
Christiansted, VI   00820
        *Counsel for Appellant*

Marie E. Thomas-Griffith   [ARGUED]
Hall & Griffith
No. 91B Solberg
P.O. Box 305587
St. Thomas, VI   00803
        *Counsel for Appellees*

_____

OPINION[*]
_____

JORDAN, *Circuit Judge*.

We are asked to intercede in a feud over the inevitable – death and taxes.  Ethlyn Hall, an elderly landowner in the Virgin Islands, filed suit against her son when she grew dissatisfied with his actions as her attorney.  After Ethlyn passed away, one of her daughters, Elsa Hall, served as personal representative of the estate (the "Estate") and continued to press Ethlyn's claims against Samuel.

Samuel brought claims of his own against Elsa in a separate proceeding.  He argued that Elsa had poisoned his relationship with his mother, which caused him serious emotional distress.  The Estate's claims and Samuel's claims were consolidated and tried together.  A jury rejected the Estate's claims and rendered a two million dollar verdict in Samuel's favor.  The District Court entered separate judgments on both aspects of the jury's decision.

---

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Not surprisingly, the Estate has appealed the judgment with respect to its claims. It did not, however, appeal the judgment in favor of Samuel because the District Court granted a post-trial motion vacating the jury verdict. Samuel's claims are still awaiting retrial. He therefore argues that we do not have jurisdiction over this appeal while his claims are still pending in the District Court. We agree and will dismiss the appeal.

## I. BACKGROUND[1]

Ethlyn Hall had once been close to her son Samuel, and he had provided many hours of free legal work for her. The two had a falling-out, however, over his efforts to develop one of the parcels of land that she owned on St. John. Ethlyn claimed that Samuel had taken advantage of her trust and the power of attorney she had granted him when he renegotiated a lease and received a large cash payment in connection with the construction of a home she had allegedly agreed to fund for him.

After learning of that transaction, and the associated tax consequences, Ethlyn cut off contact with her son. As her health deteriorated, she moved to Florida to live with Elsa. She altered her trust to designate Elsa as the sole successor trustee and two of her grandchildren as the sole beneficiaries. Ethlyn then filed suit against Samuel, in both her individual capacity and as trustee of her *inter vivos* trust.[2]

---

[1] The facts in this case are hotly contested and complex. Because we conclude that we lack jurisdiction, we focus on the procedural history necessary for understanding that conclusion and only touch on the underlying facts as needed for clarity.

[2] The Amended Complaint alleged that Samuel had 1) breached his fiduciary duties as Ethlyn's attorney; 2) breached his fiduciary duties by abusing his power of attorney; 3) committed legal malpractice; 4) improperly converted Ethlyn's property for

Ethlyn's claims were in suspense for some time pending the resolution of an ultimately unsuccessful motion to dismiss in the District Court. Before that motion was resolved, Ethlyn died and Elsa took over as the personal representative of the Estate and the trust's sole trustee. Samuel then filed a separate suit against her in her individual capacity. He argued that she had harmed him by turning his mother against him, surreptitiously taking Ethlyn away from the Virgin Islands without informing other family members, and keeping her hidden from loved ones until her death.[3]

Samuel's claims against Elsa were consolidated for all purposes with the Estate's claims against him.[4] The Estate moved to sever, arguing that consolidation would confuse the jury and be prejudicial to the Estate,[5] but the District Court did not respond to the motion to sever or explain its decision to try the claims together.

Most of the claims brought by both parties were dismissed before trial on a variety of grounds. As a result, the only claims that went to the jury were the Estate's

his own benefit; 5) refused to return to Ethlyn her legal files (conversion); 6) committed fraud by deceiving Ethlyn about the lease renegotiation; and 7) been unjustly enriched through the proceeds of the lease renegotiation. Ethlyn also demanded an accounting, a constructive trust, and an equitable lien on Samuel's property.

[3] His legal claims included intentional infliction of emotional distress, undue influence, breach of fiduciary duty, fraud, tortious interference, and conversion.

[4] When the cases were first consolidated, Samuel had counterclaims and third party claims in the Estate's suit that substantially overlapped with the claims in his separate proceeding against Elsa. Those claims were dismissed before the case went before the jury.

[5] Samuel opposed the motion to sever by pointing out that the claims had been consolidated for over a year without complaint and arguing that there were common witnesses and issues.

fraud, unjust enrichment, and breach of fiduciary duty claims, and Samuel's intentional

infliction of emotional distress claim. The jury rejected all of the Estate's claims. It also

found Elsa liable for intentional infliction of emotional distress and awarded Samuel

$500,000 in compensatory damages and $1,500,000 in punitive damages. The District

Court entered separate judgments on the two sets of claims, and the Estate immediately

filed this appeal concerning its claims against Samuel.

With regard to Samuel's claims, Elsa filed a motion for a directed verdict or, in the

alternative, a new trial. The Court concluded that the jury might have relied on a legally

untenable basis for finding intentional infliction of emotional distress, so it ordered a new

trial. Samuel filed a motion for reconsideration, which remains pending. He asked the

District Court to either allow for additional arguments or to certify the determinative

legal question to the Virgin Islands Supreme Court.

We stayed review of the Estate's appeal pending the resolution of Elsa's post-trial

motions. That stay was automatically lifted once the District Court ordered a new trial,

and we declined to further stay the appeal pending the resolution of Samuel's motion for

reconsideration.

## II.    JURISDICTION[6]

Samuel has filed a motion to dismiss this appeal on jurisdictional grounds.[7] He

claims that we lack jurisdiction since there are outstanding motions before the District

---

[6] The District Court had diversity jurisdiction under 28 U.S.C. § 1332. For the reasons set forth herein, we lack jurisdiction.

Court concerning his claims against Elsa. The Estate responds that, because the District Court entered separate final judgments, the two cases should no longer be seen as consolidated for purposes of appeal. We think Samuel has the better of this particular argument.

The case is in an unusual procedural posture. The Clerk of the District Court entered what is styled as a final judgment with regard to the Estate's claims, and ordinarily such a judgment would, of course, be appealable.[8] The problem is that Samuel's claims against Elsa remain outstanding, and the District Court never entered an order severing the cases, nor did the Estate obtain a Rule 54(b) certification and determination that there was no just reason for delay. *See Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 229 (3d Cir. 2012) (discussing the requirements for Rule 54(b) certification).

When two cases have been consolidated for all purposes, a final decision on one set of claims is generally not appealable while the second set remains pending. *Bergman v. City of Atl. City*, 860 F.2d 560, 563 (3d Cir. 1988); *see also Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 460 F.3d 470, 476 (3d Cir. 2006) (noting that appeal is generally not

---

[7] Samuel also filed a motion to strike the Estate's brief and appendix. Because we are dismissing for lack of jurisdiction, we do not consider that motion.

[8] The only pending motion involving the Estate's claim concerns attorney's fees, and that would not typically bar us from hearing an appeal, *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202-03 (1988), nor would the fact that the District Court did not issue an explanation for some of its rulings. *See* 3d Cir. L.A.R. 3.1 (2011) (allowing, but not requiring, the trial judge to provide a written opinion or amplification up to 30 days after the docketing of a notice of appeal).

available from an order terminating fewer than all claims against all parties). However, we do not employ a bright line rule and instead consider on a case-by-case basis whether a less-than-complete judgment is appealable. *Bergman*, 860 F.2d at 566. To make that determination, we consider "the overlap among the claims, the relationship of the various parties, and the likelihood of the claims being tried together." *United States. v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 146 (3d. Cir. 2003); *see also Bergman*, 860 F.2d at 566; *Hall v. Wilkerson*, 926 F.2d 311, 314 (3d Cir. 1991). Considering those factors, as well as the underlying question of whether "justice would be best served and judicial economy not compromised if separate appeals were permitted," *Bergman*, 860 F.2d at 566, we conclude that the Estate's appeal is not properly before us at this time.

Both parties' claims have already been heard together. Our cases allowing for separate appeals have typically involved claims that either were not consolidated for trial, *Hall*, 926 F.2d at 314; *Bogosian v Gulf Oil Corp.*, 561 F.2d 434, 441 (3d Cir. 1977), or had been consolidated for trial but had not yet been tried. *Bergman*, 860 F.2d at 566; *$8,221,877.16 in U.S. Currency*, 330 F.3d at 146. By contrast, here, all of the claims were in fact scheduled together and tried before a single jury. That counsels in favor of keeping the claims together on appeal.[9]

---

[9] The Estate wants us to analogize to a recent Supreme Court decision affirming the appealability of final judgment in a case that was part of a multi-district litigation. *Gelboim v. Bank of Am. Corp.*, __ U.S. __, 135 S. Ct. 897, 905-06 (2015). But *Gelboim* is inapplicable because, with an MDL, consolidation is only for pretrial matters. 28 U.S.C. § 1407.

Moreover, the trial record illustrates some overlap of evidence among the claims. Witnesses such as Samuel and Elsa would inevitably testify in a suit involving either set of claims, and both sets of claims may turn on how Ethlyn reacted to learning about Samuel's lease renegotiation and who or what was influencing her thinking at the time. Considering that the District Court decided that justice and judicial economy were best served by consolidation in the first place, we will not second guess that judgment now by allowing piecemeal appeals.[10] There will also likely be overlapping issues on appeal once Samuel's claims become appealable, so waiting seems the better course.[11]

## III. CONCLUSION

For the foregoing reasons, we will dismiss the Estate's appeal for lack of jurisdiction.

---

[10] Because we lack jurisdiction, we do not consider the Estate's claim that due to the consolidation, it was prejudiced in presenting its case to the jury. Our opinion here does not foreclose a subsequent challenge on that point.

[11] In addition, we note that the Estate could have sought Rule 54(b) certification and yet chose not to do so. Indeed, at oral argument, the Estate's counsel conceded that nothing prevented him from seeking a Rule 54(b) motion even as the appeal was pending before us. The Rules of Civil Procedure provide that mechanism to certify appeals when finality is either lacking or in doubt.