**NOT RECOMMENDED FOR PUBLICATION**
File Name: 19a0592n.06

Nos. 19-5111, 19-5112, 19-5218

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ERNEST A. SOUTHALL, | ) | **FILED**<br>Dec 05, 2019<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellant, | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| USF HOLLAND, INC; OCCUPATIONAL HEALTH CENTERS OF THE SOUTHWEST, | ) | |
| Defendants-Appellees. | ) | |

BEFORE: DAUGHTREY, CLAY, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

In this employment discrimination matter, plaintiff appeals the district court's grant of summary judgment in defendants' favor, as well as its resolution of various ancillary orders. We affirm.

I.

This dispute arises out of defendant USF Holland's termination of plaintiff Ernest Southall's employment. Because the facts relevant to this appeal are limited, we borrow here from the district court's background statement to provide some context:

> Defendant USF Holland ("Holland") operates big-rig trucks and a large truck terminal just outside Goodlettsville, Tennessee. Defendant Occupational Health Centers of the Southwest ("Concentra") is a multi-state healthcare services company that services, among others, various employers, like Holland, who require Federal Department of Transportation ("DOT") certifications and re-certifications for their drivers.

> In his Second Amended Complaint, Plaintiff alleges that he began working for Holland in November of 1999. Plaintiff contends that he was diagnosed with sleep apnea in August of 2013 and was required to wear a continuous positive airway pressure device ("CPAP"). He avers that at times in the years 2013-2016, he did not receive his DOT certification to drive from Concentra because of his sleep apnea. Plaintiff alleges that Holland exerted pressure upon Concentra not to re-certify him to drive. He also argues that Holland made no reasonable accommodations for him. He alleges that in July of 2015, Holland terminated his employment.
>
> Plaintiff claims that both Defendants discriminated and retaliated against him in various ways in violation of the Americans with Disabilities Act ("ADA"), Tennessee Human Rights Act ("THRA"), and the Tennessee Disability Act ("TDA"). Plaintiff alleges that Holland violated the Tennessee Public Protection Act ("TPPA"), and Concentra violated the Patient's Privacy Protection Act ("PPPA"). Plaintiff also contends that Concentra is culpable of an unreasonable intrusion upon the seclusion of another and of negligence, and that both Defendants have caused the negligent and intentional infliction of emotional distress.

(Footnotes and record citations omitted).

Extensive discovery and a multitude of procedural and substantive motions ensued, leading the magistrate judge to characterize the litigation as "an unmitigated mess . . . [for w]hat should have been a straightforward case under the" ADA. The district court eventually granted defendants' motions for summary judgment on all of plaintiff's claims. Plaintiff filed three post-judgment motions: (1) a motion seeking relief under Federal Rules of Civil Procedure 59 and 60; (2) a motion requesting to file a hard copy of an audio recording (the transcript of which is in the record); and (3) a motion asking the court to rule on a previously filed motion to strike. The district court denied those motions, and plaintiff timely appeals.

II.

Whether on an appellee's initiative or on our own, we frequently consider our jurisdiction to hear an appellant's appeal. This case presents a twist. As appellants do, Southall comes to us requesting that we remedy the district court's purported wrongs; he raises countless issues with the district court's resolution of a myriad of orders. Yet his first claim is that we lack jurisdiction

to provide such a remedy. Yes, it is appellant's contention that we do not have the authority to consider his own appeal.

Perplexing as this position may be, it is easily resolvable. With some exceptions not applicable here, our jurisdiction extends only to review of final decisions of the district courts. *See Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 902 (2015) (discussing 28 U.S.C. § 1291). "For the most part, a district court's decision counts as 'final' only if it takes care of all claims and all parties in the case." *In re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 273 (6th Cir. 2019) (brackets and citation omitted). That is, it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981).

Notwithstanding the district court's grant of summary judgment in defendants' favor, the entry of a final judgment, and the denial of plaintiff's motion for post-judgment relief—i.e., "rulings that terminate[d the] action," *Gelboim*, 135 S. Ct. at 902—plaintiff contends the final judgment rule forecloses our jurisdiction. His argument is simple: the district court did not actually resolve all of his claims, namely his Tennessee-law based unreasonable-intrusion-upon-the-seclusion-of-another claim against Holland. Straightforward as his position may be, it is also wrong. There was no reason for the district court to address such a claim because plaintiff's complaint plainly asserted that claim against Concentra, not Holland, and the district court resolved that claim in Concentra's favor. To the extent plaintiff asserts his summary judgment response put Holland on notice of that claim, this runs contrary to the rule that a party may not raise a new claim in response to a motion for summary judgment except in accordance with Federal Rule of Civil Procedure 15(a). *See Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005).

We therefore have jurisdiction to consider plaintiff's appeal.

III.

Aside from challenging our jurisdiction, Southall raises five issues with the district court's resolution of various orders. Four are improperly presented: the district court's denial of his three post-judgment motions, as well as its refusal to amend an earlier order prohibiting plaintiff from filing a surresponse during summary-judgment briefing. Southall has forfeited our consideration of these issues because his briefing is devoid of any argument as to why the district court erred and instead just notes for all of these issues that he "relies upon the previously raised arguments before the lower court." It has been the law of our circuit for over fifteen years that "[t]he incorporation by reference of arguments made at various stages of the proceeding in the district court does not comply with the Federal Rules of Appellate Procedure" and is a practice that "has been disallowed by this circuit." *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 452–53 (6th Cir. 2003); *see also Thomas M. Cooley Law Sch. v. Am. Bar Ass'n*, 459 F.3d 705, 710 (6th Cir. 2006) ("[A] party is not allowed to incorporate by reference into its appellate brief the documents and pleadings filed in the district court.").

Plaintiff requests that we excuse his forfeiture under our *Pinney Dock* caselaw, which permits review of "an issue not passed upon below" only in "exceptional cases or particular circumstances" or to avoid "a plain miscarriage of justice." *See Pinney Dock and Trans. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1461 (6th Cir. 1988) (citation omitted). (Reply, 12-13). We decline this request. That limited exception does not apply as the issues Southall wishes to preserve *were* raised below.

Southall has thus forfeited our consideration of these issues.

IV.

We therefore turn to the remaining issue, the district court's grant of summary judgment in defendants' favor. Emblematic of plaintiff's approach on appeal to this issue is his treatment, or rather lack thereof, of his disability claims. The district court concluded he had not raised a genuine dispute of material fact as to whether he was a qualified individual with a disability and therefore could not maintain his ADA claims (and those under Tennessee's analogs). It came to this holding in large part because plaintiff admitted that his sleep apnea did not substantially limit *his* major life activities, and because the record reflected he was not compliant with his CPAP use and thus could not possess a DOT certification.[1] Southall does not substantively engage the district court's analysis here—he instead generically labels himself as disabled and qualified, and then incorporates his briefing below. Nary a mention of the district court's reasoning exists in his briefing. Failing to "advance[] any sort of argument for the reversal of the district court[]," *Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007), or "cogent argument" that the district court got it wrong "constitutes abandonment." *Burley v. Gagacki*, 834 F.3d 606, 618 (6th Cir. 2016); *see also Northland Ins. Co.*, 327 F.3d at 452–53. And we decline to breathe life into this issue upon receipt of his slightly more developed—but still underdeveloped—reply brief. *See Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010).

---

[1]We note, however, that the district court mistakenly applied a pre-ADA-amendments view of the use of mitigating measures when it alternatively noted that "[m]easures taken to correct or mitigate an impairment"—like plaintiff's CPAP machine—"are taken into account when determining whether an impairment is substantially limiting." (Citing *Sutton v. United Airlines, Inc.*, 527 U.S. 471, 482 (1999)). But responding to *Sutton*, Congress revised the ADA so that except for "ordinary eyeglasses or contact lenses," "[t]he determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures." 42 U.S.C. § 12102(4)(E)(i-ii).

Southall's non-disability-related claims fail for similar reasons. He presents no argument to support his unreasonable intrusion upon the seclusion of another claim, but simply asserts the district court "improperly decided summary judgment." That, as above, is improper. *Geboy*, 489 F.3d at 767; *Burley*, 834 F.3d at 618. Southall again incorporates his briefing below in an attempt to substantiate his negligence and infliction of emotional distress claims.. That, as above, is improper. *Northland Ins. Co.*, 327 F.3d at 452–53. Finally, only skeletal and underdeveloped arguments accompany his remaining TPPA and PPPA claims. That, too, is improper. *See Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1063 (6th Cir. 2014).

Therefore, plaintiff has abandoned our consideration of these issues.[2]

## V.

Finally, defendants' response briefs include boilerplate requests for appellate sanctions. However, defendants neither substantively supported these requests nor filed separate motions as required by Federal Rule of Appellate Procedure 38. *See Thomas M. Cooley Law Sch. v. Kurzon Strauss, LLP*, 759 F.3d 522, 535 (6th Cir. 2014). For these reasons, we decline to consider these procedurally improper requests for sanctions.

## VI.

We affirm the judgment of the district court.

---

[2]Given our holding that plaintiff has either forfeited or abandoned all of his issues on appeal, we need not consider defendants' alternative arguments for affirmance.