**IN RE: CATALYST LITIGATION**
**JOHN BULLY, Plaintiff**
**v.**

**HESS OIL VIRGIN ISLANDS CORP., et al., Defendants**
**ALEXANDER EMILE, Plaintiff**
**v.**

**HESS OIL VIRGIN ISLANDS CORP., et al., Defendants**
**JULIEN McSWEEN, Plaintiff**
**v.**

**HESS OIL VIRGIN ISLANDS CORP., et al., Defendants**
**RICHARD MAXWELL, Plaintiff**
**v.**

**HESS OIL VIRGIN ISLANDS CORP., et al., Defendants**

Master Docket No. SX-05-CV-799, Individual Docket Nos. SX-05-CV-812, SX-05-CV-806, SX-05-CV-847, SX-05-CV-846

Superior Court of the Virgin Islands

Division of St. Croix

July 2, 2010

THOMAS ALKON, ESQ., Law Offices of Thomas Alkon, Christainsted, USVI, *Attorney for Plaintiffs*.

GORDON C. RHEA, ESQ., JERRY HUDSON EVANS, ESQ., Richardson, Patrick, Westbrook & Brickman, LLC, Mt. Pleasant, SC, *Attorneys for Plaintiffs*.

BRITAIN H. BRYANT, ESQ., Bryan, Barnes, Beckstedt & Blair, LLP, Christiansted, USVI, *Attorney for Defendant Hess Corporation*.

JAMES CRAWFORD ORR, ESQ., CAROLYN O'CONNOR ESQ., Wilson, Elser, Moskowitz, Edelman & Dicker, Newark, NJ, *Attorney for Defendant Hess Oil Virgin Islands Corp.*

WILLOCKS, *Judge*

## MEMORANDUM OPINION

(July 2, 2010)

**THIS MATTER** came before the Court on Defendant Hess Oil Virgin Islands Corp. (hereinafter "HOVIC") and Defendant Hess Corporation's

(hereinafter "Hess") Motion *In Limine* to Exclude Trial Testimony from Dr. Richard Bernstein and Deposition Testimony of Non-Party and Non-Corporate Witnesses, filed on October 26, 2009. On November 9, 2009, Plaintiffs filed a Response in Opposition to Defendants' Motion *In Limine* to Exclude Testimony from Dr. Richard Bernstein and Certain Deposition Testimony. On November 24, 2009, Defendants filed a Joint Reply to Plaintiffs' Oppositions to Defendant HOVIC's Motion *In Limine* to Exclude Evidence.

## FACTS

Plaintiffs filed this action against Defendant HOVIC and Defendant Hess,[1] alleging that they developed mixed dust pneumoconiosis as a result of occupational exposure to catalyst at Defendant HOVIC's refinery on St. Croix, U.S. Virgin Islands. Plaintiffs allege that Defendants possessed and/or exercised control over the work site and assert claims for negligence/premises liability and supplying chattel dangerous for intended use.

## DISCUSSIONS

Defendant HOVIC moves *in limine* for the Court to exclude any and all proffered trial testimony from Dr. Richard Bernstein and deposition testimony of non-party and non-corporate witnesses.

### 1. Trial Testimony from Dr. Richard Bernstein

Plaintiffs plan to call Dr. Richard Bernstein to testify at trial. Dr. Richard Bernstein is not the treating physician to any of the Plaintiffs in this matter. In Plaintiffs' Rule 26(a)(1) Supplemental Disclosures, Plaintiffs asserted that Dr. Richard Bernstein "may testify regarding his B-reading Report of the x-ray of Mr. Emile [sic], as well as standards and qualifications for B-reading in general."[2] Defendants argue that, despite Plaintiffs' designation of Dr. Richard Bernstein as a fact witness and not as an expert witness, Dr. Richard Bernstein will still be testifying to

---

[1] Plaintiffs also filed this action against other defendants but Plaintiffs have reached a settlement with these defendants out of court.

[2] The National Institute of Occupational Safety and Healthy (NIOSH) certify physicians who demonstrate proficiency in classifying radiographs of the pneumoconiosis as B-readers. *See* NIOSH, http://www.cdc.gov/niosh/topics/chestradiography/.

expert opinions. Defendants further argue that Dr. Richard Bernstein is prohibited from testifying as an expert witness because Plaintiffs did not produce a signed expert report prepared by Dr. Richard Bernstein regarding Plaintiffs, the standard and qualifications for B-reading in general or a complete statement of all opinions to be expressed and the basis and reasons therefore, as required by FED. R. CIV. P. 26(a)(1)[3] and (2)[4] Defendants note that Plaintiffs did provide a single page, unsigned B-reading Report consisting of checkmarks indicating film quality,

---

[3] Relevant parts of FED. R. CIV. P. 26(a)(1):

**Rule 26. Duty to Disclose; General Provisions Governing Discovery**
**(a) Required Disclosures.**

 **(1) Initial Disclosure.**
 **(A) In General.** Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
 (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information along with the subjects of that information that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
 (ii) a copy or a description by category and location of all documents, electrically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
 (iii) a computation of each category of damages claimed by the disclosing party who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
 (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

[4] Relevant parts of FED. R. CIV. P. 26(a)(2):

**Rule 26. Duty to Disclose; General Provisions Governing Discovery**

 **(2) Disclosure of Expert Testimony.**
 **(A) In General.** In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
 **(B) Written Report.** Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report prepared and signed by the witnessif the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

opacities, and negative indications of pleural abnormalities and other abnormalities of Plaintiff Alexander Emile's x-ray; however, the page was devoid of any complete statements regarding Dr. Richard Bernstein's opinions or interpretations of Plaintiff Alexander Emile's x-ray. Defendants cite to FED. R. CIV. P. 37(c)(1), which provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Therefore, Defendants argue that Dr. Richard Bernstein should not be allowed to testify at trial.

Plaintiffs assert that compliance with FED. R. CIV. P. 26 is irrelevant here because Dr. Richard Bernstein is designated as a fact witness, not an expert witness. In their Opposition, Plaintiffs stated:

"Dr. Bernstein will not offer medical opinions, either on causation in general or whether his reading of an x-ray supports a diagnosis of pneumoconiosis. He is being tendered as a fact witness to explain to a jury what x-rays represent, explain what the National Institute of Occupational Safety and Healthy (hereinafter "NIOSH") certified 'B reader' is, and to recite what he saw and recorded on a standardized ILO form when he viewed the x-ray of Mr. Emile." *See* Plaintiffs' Re-

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the data or other information considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous ten years;
(v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case.
**(C) Time to Disclose Expert Testimony**. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
(i) at least 90 days before the date set for trial or for the case to be ready for trial; or
(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure.
**(D) Supplementing the Disclosure**. The parties must supplement these disclosures when required under Rule 26(e).

sponse in Opposition to Defendants' Motion *In Limine* to Éxclude Testimony of Dr. Richard Bernstein and Certain Deposition Testimony at 2.

Plaintiffs cite to 5 V.I.C. § 833, which provides qualifications for witnesses. 5 V.I.C. § 833 requires that the witness has personal knowledge or experience, training or education on the subject matter of such testimony.[5] Plaintiffs argue that all the prerequisites have been met by Dr. Richard Bernstein; Dr. Richard Bernstein is a National Institute of Occupational Safety and Healthy (NIOSH) certified "B reader" who has reviewed Plaintiff Alexander Emile's x-ray and therefore, Dr. Richard Bernstein is qualified through training and education to give factual testimony on this subject.

█ In their Joint Reply to Plaintiffs' Opposition, Defendants cited to *Hadley v. Pfizer Inc.*, where the Third Circuit held "that treating physicians so disclosed may testify as to facts within their knowledge, as opposed to offering expert testimony." 2009 U.S. Dist. LEXIS 47363, at *11 (E.D. Pa. 2009) (*citing Frederick v. Hanna*, 2007 U.S. Dist. LEXIS 18626, at *19 (W.D. Pa. 2007)).[6] Accordingly, Defendants argue that Dr. Richard Bernstein cannot testify as a fact witness because he did not treat any of the Plaintiffs in this matter and Dr. Richard Bernstein cannot

---

[5] **5 V.I.C. § 833. Prerequisites of knowledge and experience**.

As a prerequisite for the testimony of a witness on a relevant or material matter, there must be evidence that he has personal knowledge thereof, or experience, training or education if such be required. Such evidence may be by the testimony of the witness himself. The judge may reject the testimony of a witness that he perceived a matter if he finds that no trier of fact could reasonably believe that the witness did perceive the matter. The judge may receive conditionally the testimony of the witness as to a relevant or material matter, subject to the evidence of knowledge, experience, training or education being later supplied in the course of the trial.

[6] The Court notes that, in *Hadley v. Pfizer Inc.*, what the Third Circuit actually stated was: "Courts are divided on whether to consider treating physicians as fact witnesses or as experts. Several courts have held that treating physicians are always expert witnesses who must be disclosed under [FED. R. CIV. P.] 26(a)(2)(A). Other courts, including *district courts in this Circuit, have held 'that treating physicians so disclosed may testify as to facts within their knowledge, as opposed to offering expert testimony.'* "

The Court agrees that a treating physician may testify as a fact witness at trial, pursuant to [FED. R. EVID.] 701, so long as the treating physician's testimony is 'not based on scientific, technical, or other specialized knowledge within the scope of [FED. R. EVID. 702].'" *Emphasis added; internal citations omitted.* 2009 U.S. Dist. LEXIS 47363, at *11, 12.

testify as an expert witness because of Plaintiffs' failure to comply with FED. R. CIV. P. 26.

■ The Court finds that Dr. Richard Bernstein cannot testify as a fact witness to what he perceived of Plaintiffs because he is not the treating physician to any of the Plaintiffs in this matter. The Court further finds Plaintiffs' Rule 26(a)(1) Supplemental Disclosures' description of what Dr. Richard Bernstein may testify to at trial, "his B-reading Report of the x-ray of Mr. Emile [sic], as well as standards and qualifications for B-reading in general" is based on scientific, technical or other specialized knowledge within the scope of FED. R. EVID. 702, and thereby, making Dr. Richard Bernstein an expert witness. FED. R. EVID. 702 provides,

> "If *scientific, technical, or other specialized knowledge* will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Emphasis added.*

Accordingly, due to Plaintiffs' failure to comply with FED. R. CIV. P. 26, Dr. Richard Bernstein cannot testify as an expert witness at trial. Defendants would be unduly prejudiced if Dr. Richard Bernstein is permitted to testify to his expert opinions at trial since Defendants did not have the opportunity to establish whether or not Dr. Richard Bernstein's testimony would meet the *Daubert* requirement Therefore, the Court will grant Defendants Motion *In Limine* to exclude trial testimony from Dr. Richard Bernstein.

### 2. Deposition Testimony of Witnesses at Trial

Plaintiffs plan to rely on the deposition testimony of the following individuals at trial:

| 1. | Uzi Halevy | Deposed as a Corporate Representative of Litwin |
| 2. | Paul Bucknam | Deposed as a Corporate Representative of Hess |
| 3. | Robert Sidler | Deposed as a Corporate Representative of Hess |

| 4. | John D. Piwonka | Deposed as a Non-Corporate Representative of HOVIC |
|----|-----------------|----------------------------------------------------|
| 5. | Orville Henderson | Deposed as a Corporate Representative of Hess |
| 6. | Thomas Fuller | Deposed as a Non-Corporate Representative of HOVIC |
| 7. | John C. Willet | Deposed as a Corporate Representative of Shell |

### a. Whether Deposition Testimony of a Non-Party Corporate Witness is Permitted at Trial

Defendants assert that Deposition Testimonies of Uzi Halevy and John C. Willet should not be permitted at trial because they are not adverse parties.[7] Both Litwin and Shell have been dismissed from this case. Defendants cite to FED. R. CIV. P. 32(a)(3), which provides that "An *adverse party* may use for any purpose the deposition of a party or anyone who, when deposed, was the *party's* officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." *Emphasis added.* Defendants further cite to *Northlake Marketing & Supply, Inc.* v. *Glaverbel, S.A.*, where the court granted defendant's motion *in limine* to preclude plaintiff from relying upon the deposition testimony of a corporate representative of Foseco, a dismissed defendant. 1996 U.S. Dist. LEXIS 19306, at *2 (N.D. Ill., December 17, 1996). The *Northlake* Court stated, "with Foseco now a nonparty, [plaintiff] has not satisfied the requirements of FED. R. CIV. P. 32 as to the use of Money's (an officer of the dismissed defendant Foseco) deposition." *Id.* Accordingly, Defendants request the Court to exclude the deposition testimonies of Uzi Halevy and John C. Willet.[8]

---

[7] Defendants also noted that Defendant Hess may also be dismissed as a party to this case, depending on the ruling of Defendant Hess' pending Motions for Summary Judgment in front of the Court. If Defendant Hess is dismissed, Defendants argue that Paul Bucknam, Robert Sidler and Orville Henderson's Deposition Testimony should also be excluded at trial because they will no longer be adverse parties. For the purpose of this Motion *In Limine*, the Court will treat Defendant Hess as a party to this case and treat their corporate and non-corporate representatives as adverse parties. If Defendant Hess is subsequently dismissed from this case, the Court will then address this issue.

[8] The Court wants to clarify what the *Northlake* Court actually said in regard to Money's deposition. Defendants were not entirely accurate in their interpretation of the *Northlake* court's ruling. The *Northlake* Court stated the following:

Plaintiffs did not address this point in their Opposition, aside from stating that Uzi Halevy and John C. Willet will be unavailable to testify at trial, as explained below.

■ The Court wants to bring to Plaintiffs' attention that, according to Defendants' Amended Rule 26(a)(3) Pretrial Disclosures, Defendants expect to present Uzi Halevy and John C. Willet as witnesses. Therefore, Plaintiffs cannot contend that Uzi Halevy and John C. Willet are unavailable to testify at trial. The Court will address the unavailability issue in more details below. Assuming *arguendo* that Defendants are not planning to present Uzi Halevy and John C. Willet as witnesses at trial, Uzi Halevy and John C. Willet's deposition testimonies should still be excluded at trial because they are no longer adverse parties to this case. Uzi Halevy was deposed as a corporate representative of Litwin and John C. Willet was deposed as a corporate representative of Shell. Since both Litwin and Shell are dismissed from this case, Plaintiffs are no longer adverse parties to Uzi Halevy and John C. Willet. According to FED. R. CIV. P. 32(a)(3), "An *adverse party* may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." *Emphasis added.* Accordingly, Plaintiffs have not satisfied the requirements of FED. R. CIV. P. 32(a)(3) as to the use of Uzi Halevy and John C. Willet's deposition testimonies.

### b. Whether Deposition Testimony of a Witness is Permitted at Trial Without a Showing of Unavailability

FED. R. CIV. P. 32 sets forth the requirements for using depositions at trial. FED. R. CIV. P. 32(a)(1) provides that "At a hearing or trial, all or part

---

". . . [Money's] deposition was taken (pursuant to this Court's order) for the limited purpose of dealing with the claim preclusion issue that has resulted in Foseco's elimination from the case. Claim preclusion is no longer an issue among the remaining litigants.

. . . . Money's deposition having been as expressly limited as it was, there was no incentive for Fosbel (at that time Glaverbel had not yet been served and was therefore not an active party in the lawsuit) to examine or cross-examine Money on matters other than the claim preclusion issue. Hence, it would be unfair, where neither of the present movants in Limine had the opportunity to explore any currently relevant subjects fully, to permit excerpts from the Money deposition to be adduced at this trial.

There is also another string to the Glaverbel-Fosbel bow that supports *(though it is not essential to) their position. With Foseco now a nonparty, Northlake has not satisfied the requirements of FED. R. CIV. P. ("Rule") 32 as to the use of the Money deposition."* Emphasis added. 1996 U.S. Dist. LEXIS 19306, *3.

of a deposition may be used against a party on these conditions: (A) the party was present or represented at the taking of the deposition or had reasonable notice of it; (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and (C) the use is allowed by Rule 32(a)(2) through (8)." Defendants assert that the deposition testimonies of Uzi Halevy, Paul Bucknam, Robert Sidler, John D. Piwonka, Orville Henderson, Thomas Fuller and John C. Willet should not be permitted at trial because Plaintiffs failed to show that they are unavailable to testify at trial, as required by FED. R. CIV. P. 32(a)(4). FED. R. CIV. P. 32(a)(4) provides:

> **(4) Unavailable Witness**. A party may use for any purpose the deposition of **a** witness, whether or not a party, if the court finds:
>
> > **(A)** that the witness is dead;
> >
> > **(B)** that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;
> >
> > **(C)** that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;
> >
> > **(D)** that the party offering the deposition could not procure the witness's attendance by subpoena; or
> >
> > **(E)** on motion and notice, that exceptional circumstances make it desirable in the interest of justice and with due regard to the importance of live testimony in open court to permit the deposition to be used.

Defendants argue that Plaintiffs have not shown that these witnesses are dead, located more than 100 miles from the place of trial or outside the United States or cannot testify because of age, illness, infirmity or imprisonment. Defendants also argue that Plaintiffs have not show that they could not procure the witnesses' attendance by subpoena or that exceptional circumstances exist to permit the use of these witnesses' deposition in lieu of live testimony at trial. Accordingly, Defendants request the Court to exclude the deposition testimonies of the foregoing individuals.

### (1) Unavailability because the witness is more than 100 miles from the place of trial

Plaintiffs counter that Defendants' Motion *In Limine* to exclude the deposition testimonies is premature because they have until the date of trial to demonstrate compliance with the requirements of FED. R. CIV. P. 32. *Hartman v. U.S.*, 538 F.2d 1336, 1345 (8th Cir. 1976). In their Opposition, Plaintiffs demonstrated the unavailability of the abovementioned witnesses through the November 9, 2009 Affidavit of Attorney Thomas Alkon's Affidavit. In his November 9, 2009 Affidavit, Attorney Thomas Alkon confirmed the following information:

1. John Willett is currently a resident of Houston, Texas.
2. John Piwonka is currently a resident of Texas.
3. Uzi Halevy is currently a resident of Houston, Texas.
4. Thomas Fuller is not employed at Hovensa in the Virgin Islands.
5. Paul Bucknam is employed at the Hess Corporation in New Jersey.[9]

In their Joint Reply to Plaintiffs' Opposition, Defendants argue that the witnesses' unavailability is not determined now but when Plaintiffs seek to introduce their deposition testimony at trial. Defendants also cite to *Hartman v. U.S.*, where the court stated,

> "Rule 32(a)(3)[10] provides that the deposition of a witness may be offered in evidence in lieu of his testimony if the trial court finds, among other things that the witness is more than one hundred miles from the place of trial. The proximity of the witness to the place of trial is to be determined as of the time at which the deposition is offered." 538 F.2d at 1345.

According to Defendants' Rule 26(a)(3) Pretrial Disclosures, Defendants anticipate that all of these individuals will be called as

---

[9] Thomas Alkon's November 9, 2009 Affidavit stated "Paul Bucknam is employed at the Hess Corporation in New Jersey." In their Opposition, Plaintiffs incorrectly noted Thomas Alkon's November 9, 2009 Affidavit to state that "Paul Bucknam works and lives in New Jersey."

[10] FED. R. CIV. P. 32(a)(3) has since been amended to 32(a)(4).

witnesses at trial.[11] Therefore, Defendants argue that these witnesses cannot be considered unavailable for trial.

 The Court wants to bring to Plaintiffs' attention that, according to Defendants' Amended Rule 26(a)(3) Pretrial Disclosures, in addition to Uzi Halevy and John C. Willet, Defendants also expect to present Paul Bucknam, Robert Sidler and Thomas Fuller as witnesses. Therefore, Plaintiffs cannot contend that Uzi Halevy, John C. Willet, Paul Bucknam, Robert Sidler and Thomas Fuller will be unavailable to testify at trial pursuant to FED. R. CIV. P. 32(a)(4)(B).

 On the other hand, John D. Piwonka and Orville Henderson is not on the list of witnesses expected to be called by Defendants. The Court finds that John D. Piwonka, as a current resident of Texas, is located more than 100 miles from the place of trial. Therefore, John D. Piwonka is an unavailable witness under FED. R. CIV. P. 32(a)(4)(B) and his deposition testimony will be permitted at trial. However, the Court does not find Orville Henderson to be an unavailable witness under FED. R. CIV. P. 32(a)(4)(B) because Attorney Thomas Alkon's November 9, 2009 Affidavit did not mention Orville Henderson's current residence. Therefore, at this juncture, Orville Henderson's deposition testimony will be excluded at trial.

### (2) Unavailability because Plaintiffs could not procure the witness's attendance by subpoena

Additionally, Plaintiffs also claim that a duly licensed Virgin Islands process server has been attempting to locate all seven witnesses in the Virgin Islands and once all reasonable steps have been taken by the process server, a Return of Service will be produced. Accordingly, Plaintiffs assert that the deposition testimonies of the abovementioned witnesses should be permitted at trial because the conditions enumerated in FED. R. CIV. P. 32(a)(4)(D) have been met.

As iterated above, according to Defendants' Rule 26(a)(3) Pretrial Disclosures, Defendants anticipate that some of these individuals will be called as witnesses at trial. Therefore, Defendants argue that Plaintiffs will

---

[11] The Court notes that this statement is incorrect. According to Defendants' Rule 26(a)(3) Pretrial Disclosures, Defendants plan on calling Uzi Halevy, Paul Bucknam, Robert Sidler, Thomas Fuller and John C. Willet but not John D. Piwonka or Orville Henderson.

be unable to demonstrate these witnesses' unavailability pursuant to FED. R. CIV. P. 32(a)(4)(D).

█ The Court finds that Plaintiffs have not duly tried to procure Paul Bucknam and Robert Sidler's attendance by subpoena. In Defendants Amended Rule 26(a)(3) Pretrial Disclosures, it states that "Persons who hold current management positions at HOVIC or Hess and 30(b)(6) witnesses that are listed below should be contacted through counsel for HOVIC and Hess." Paul Bucknam and Robert Sidler were both deposed as corporate representatives of Defendant Hess. If Plaintiffs wish to have Paul Bucknam and Robert Sidler's testimony at trial, they should serve Defendant HOVIC or Defendant Hess' counsel rather than relying on Paul Bucknam and Robert Sidler's deposition testimonies at trial. Therefore, the Court does not find Paul Bucknam and Robert Sidler to be unavailable witnesses under FED. R. CIV. P. 32(a)(4)(D).

█ In regard to the remaining witnesses, Uzi Halevy, John C. Willet, Orville Henderson and Thomas Fuller,[12] the Court cannot find that Plaintiffs have duly tried to procure their attendance by subpoena until Plaintiffs present a Return of Service to the Court. Therefore, the Court does not find them unavailable as defined under FED. R. CIV. P. 32(a)(4)(D) at this juncture. Accordingly, the deposition testimonies of Paul Bucknam, Robert Sidler, Uzi Halevy, John C. Willet, Orville Henderson and Thomas Fuller will be excluded at trial.

## CONCLUSION

The Court finds that Dr. Richard Bernstein will be testifying based on scientific, technical or other specialized knowledge within the scope of FED. R. EVID. 702, despite being labeled as a fact witness. The Court finds that Uzi Halevy and John C. Willet are no longer adverse parties to Plaintiffs, and therefore, their deposition testimonies cannot be permitted at trial pursuant to FED. R. CIV. P. 32(a)(3). The Court finds John D. Piwonka to be unavailable for trial, as defined under FED. R. CIV. P. 32(a)(4)(B), and therefore, his deposition testimony will be permitted at

---

[12] John D. Piwonka is already considered an unavailable witness under FED. R. CIV. P. 32 (a)(4)(B).

trial.[13] The Court does not find Uzi Halevy, Paul Bucknam, Robert Sidler, Orville Henderson, Thomas Fuller and John C. Willet to be unavailable for trial, as defined under FED. R. CIV. P. 32(a)(4)(B), and therefore, their deposition testimonies will be excluded at trial. And at this time, the Court does not find Uzi Halevy, Paul Bucknam, Robert Sidler, Orville Henderson, Thomas Fuller and John C. Willet to be unavailable for trial, as defined under FED. R. CIV. P. 32(a)(4)(D), and therefore, their deposition testimonies will be excluded at trial. Accordingly, the Court will grant in part and deny in part Defendant HOVIC's Motion *In Limine* Exclude Trial Testimony from Dr. Richard Bernstein and Deposition Testimony of Non-Party and Non-Corporate Witnesses.

---

[13] The Court will presume that John D. Piwonka's deposition testimony have met the requirements set forth in FED. R. CIV. P. 32(a)(1) since Defendants did not raise the issue in their Motion *In Limine*.