**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1637**

HENRY UCHE OKPALA,

        Plaintiff - Appellant,

    v.

COMPUTER SCIENCES CORPORATION, CSC,

        Defendant - Appellee,

    and

ROBIN SCHERMERHORN, CSC; DAVID H. MARTIN, CSC; WILLIAM SHOCKRO, CSC; CENTERS FOR MEDICARE & MEDICAID SERVICES, CMS, Third Party,

        Defendants.

**No. 15-1914**

HENRY UCHE OKPALA,

        Plaintiff - Appellant,

    v.

COMPUTER SCIENCES CORPORATION, CSC,

        Defendant - Appellee,

    and

ROBIN SCHERMERHORN, CSC; DAVID H. MARTIN, CSC; WILLIAM SHOCKRO, CSC; CENTERS FOR MEDICARE & MEDICAID SERVICES, CMS, Third Party,

Defendants.

—————————

Appeals from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:13-cv-03614-JFM)

—————————

Submitted: November 30, 2015          Decided: January 20, 2016

—————————

Before WYNN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————————

No. 15-1637 dismissed; No. 15-1914 affirmed by unpublished per curiam opinion.

—————————

Henry Uche Okpala, Appellant Pro Se. Frank Daniel Wood, Jr., KULLMAN FIRM, Birmingham, Alabama, Joseph Richard Ward, III, KULLMAN LAW FIRM, New Orleans, Louisiana, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Henry Uche Okpala seeks to appeal the district court's orders denying his motion for recusal and granting summary judgment to Computer Sciences Corporation ("CSC").

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-46 (1949). The district court's recusal order is neither a final order nor an appealable interlocutory or collateral order. Accordingly, we dismiss the appeal in No. 15-1637 for lack of jurisdiction.[*]

---

[*] The fact that final judgment issued while this appeal was pending does not give us jurisdiction over this appeal because the district court's recusal order was not an order that could have been followed by the immediate issuance of partial final judgment. In re Bryson, 406 F.3d 284, 288 (4th Cir. 2005) ("[Appellate] Rule 4(a)(2) does not allow a premature notice of appeal from a clearly interlocutory decision . . . to serve as a notice of appeal from the final judgment." (internal quotation marks omitted)).

Additionally, to the extent Okpala's informal briefs in No. 15-1637 could be construed as a request for a writ of mandamus or No. 15-1914 could be construed as challenging the denial of Okpala's recusal motions, Okpala has failed to establish a valid basis for recusal. See Belue v. Leventhal, 640 F.3d 567, 573 (4th Cir. 2011) ("[J]udicial rulings and opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings[,] almost never constitute a valid basis for a bias (Continued)

3

In No. 15-1914, Okpala appeals the district court's order granting summary judgment to CSC. Okpala contends that (1) CSC's motion for summary judgment was untimely, and (2) he was denied adequate opportunity for discovery under Fed. R. Civ. P. 56(d). Upon review of the record, we conclude that the summary judgment motion was timely because it was filed within the deadline set by the district court in its May 4, 2015 order. See Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." (emphasis added)); see also Fayetteville Inv'rs v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991) ("An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment."). We also conclude that Okpala was given ample opportunity for discovery but refused to engage in the discovery process according to the Federal Rules of Civil Procedure and that, in any event, Okpala has not shown how the requested discovery could enable him to overcome the ample evidence submitted by CSC. Pisano v. Strach, 743 F.3d 927, 931 (4th Cir.

_____

or partiality motion." (internal quotation marks omitted)); see also In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988) (holding that mandamus relief is available only if "petitioner has shown a clear right to the relief sought").

4

2014) ("[A] court may deny a Rule 56(d) motion [for further discovery] when the information sought would not by itself create a genuine issue of material fact sufficient for the nonmovant to survive summary judgment."). Therefore, we affirm the district court's grant of summary judgment to CSC.

Accordingly, in No. 15-1637, we dismiss the appeal for lack of jurisdiction, and in No. 15-1914, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

No. 15-1637 <u>DISMISSED</u>
No. 15-1914 <u>AFFIRMED</u>