**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 17-1463**

LEWIS TEFFEAU,

        Petitioner - Appellant,

    v.

COMMISSIONER OF INTERNAL REVENUE,

        Respondent - Appellee.

**No. 17-1464**

LINDA TEFFEAU,

        Petitioner - Appellant,

    v.

COMMISSIONER OF INTERNAL REVENUE,

        Respondent - Appellee.

Appeals from the United States Tax Court.  (Tax Ct. Nos. 27904-10, 27905-10)

Submitted:  August 31, 2017            Decided:  September 26, 2017

Before GREGORY, Chief Judge, NIEMEYER, Circuit Judge, and HAMILTON, Senior Circuit Judge.

---

Appeals dismissed and petition denied by unpublished per curiam opinion.

---

Joseph A. DiRuzzo, III, JOSEPH A. DIRUZZO, III, P.A., Fort Lauderdale, Florida, for Appellants. Bethany B. Hauser, Teresa E. McLaughlin, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Appellants Lewis Teffeau and Linda Teffeau seek to appeal the Tax Court's order denying their motion to recuse. The Commissioner of Internal Revenue has moved to dismiss the appeal as interlocutory. We grant the motion to dismiss and dismiss the appeal. The Appellants have also moved to convert their appeal into a petition for writ of mandamus. We grant the motion and deny the petition.

With respect to the Commissioner's motion to dismiss, we have jurisdiction to review decisions of the Tax Court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." I.R.C. § 7482(a)(1) (2012). In general, just as we have jurisdiction over final decisions of the district courts under 28 U.S.C. § 1291 (2012), we have jurisdiction over final decisions of the Tax Court. *Chai v. Comm'r*, 851 F.3d 190, 204 (2d Cir. 2017); *see Handshoe v. Comm'r*, 252 F.2d 328, 329 (4th Cir. 1958). We conclude, and the parties agree, that the Tax Court's order is not a final decision because it did not dispose of the entire case. *See Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 902 (2015); *see also Catlin v. United States*, 324 U.S. 229, 233 (1945).

Although the Tax Court's order is not a final decision, the Appellants contend that the order is an appealable collateral order. The collateral order doctrine is "a judicially-created exception that allows appellate courts to review orders that 'finally determine claims of right separable from, and collateral to, rights asserted in the action.'" *United States ex rel. Lutz v. United States*, 853 F.3d 131, 137 (4th Cir. 2017) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). Such orders "must [1]

3

conclusively determine the disputed question, [2] resolve an important issue separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Id.* (alteration in original) (internal quotation marks omitted). These requirements are "stringent," lest the collateral order doctrine "overpower the substantial finality interests § 1291 is meant to further." *Will v. Hallock*, 546 U.S. 345, 349 (2006) (internal quotation marks omitted).

We conclude the Tax Court's order is not effectively unreviewable on appeal from a final judgment. We have ruled that the denial of a motion to recuse is "clearly interlocutory in nature and not appropriate for review prior to final action by the District Court on the underlying cause of action." *Vuono v. United States*, 441 F.2d 271, 272 (4th Cir. 1971). Thus, we conclude the Tax Court's order is not an appealable collateral order.

The Appellants also argue that another exception to the final decision rule applies. In *Gillespie v. United States Steel Corp.*, the Supreme Court ruled that the court of appeals had jurisdiction over a "marginal[ly]" final order coming within the "twilight zone of finality" that disposed of an unsettled issue of national significance because review of that issue unquestionably "implemented the same policy Congress sought to promote in § 1292(b)," and the issue of finality had not been presented to the Court until argument on the merits, thereby obviating any benefit to judicial economy if the case were remanded with the finality issue undecided. 379 U.S. 148, 152-54 (1964) (internal quotation marks omitted); *see Coopers & Lybrand v. Livesay*, 437 U.S. 463, 477 n.30 (1978), *superseded on other grounds by rule*, Fed. R. Civ. P. 23(f), *as recognized in Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017). The twilight zone doctrine has since

4

been very narrowly interpreted. Indeed, "[i]f *Gillespie* were extended beyond the unique facts of that case, § 1291 would be stripped of all significance." *Coopers & Lybrand*, 437 U.S. at 477 n.30.

We conclude the Tax Court's order is not a marginally final order. As noted above, the appeal of a denial of a motion to recuse is neither final nor an appealable collateral order. Furthermore, the issue that the Appellants seek to raise is not unsettled. Although courts have differed in their rationale, *compare Kuretski v. Comm'r*, 755 F.3d 929, 938-45 (D.C. Cir. 2014), *with Battat v. Comm'r*, No. 17784-12, 2017 WL 449951, at *12-16 (T.C. Feb. 2, 2017), *appeal docketed*, No. 17-11646 (11th Cir. Apr. 11, 2017), courts have uniformly held that the President's power to remove Tax Court judges for cause does not violate the separation of powers, *Kuretski*, 755 F.3d at 939; *Battat*, 2017 WL 449951, at *16, and no court has ruled otherwise. Thus, the Tax Court's order does not fall within the twilight zone of marginally final orders requiring immediate appeal.

The Appellants next argue that the Tax Court's order is immediately appealable because it had the practical effect of denying an injunction. We have appellate jurisdiction over "[i]nterlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions . . . ." 28 U.S.C. § 1292(a)(1) (2012). An order that has the practical effect of granting or denying an injunction is an appealable interlocutory order if it "(1) may have a serious, perhaps irreparable consequence and (2) can only be effectually challenged through immediate appeal." *United States ex rel. Lutz v. United States*, 853 F.3d 131, 139 (4th Cir. 2017) (internal quotation marks omitted).

5

It is unclear whether § 1292(a)(1) applies to Tax Court orders, but we need not decide that issue in this case. Even assuming § 1292(a)(1) applies, the Appellants have not shown that the Tax Court order here had the effect of denying an injunction because, as discussed above, the Appellants have not shown that the Tax Court's order "can only be effectually challenged through immediate appeal," *United States ex rel. Lutz*, 853 F.3d at 139, as we have routinely dismissed interlocutory appeals of orders denying a motion to recuse, *see Vuono v. United States*, 441 F.2d 271, 272 (4th Cir. 1971); *Okpala v. Computer Scis. Corp., CSC*, 636 F. App'x 878, 879 (4th Cir. 2016) (Nos. 15-1637/1914); *United States v. Phillips*, 420 F. App'x 269, 269 (4th Cir. 2011) (No. 10-7527); *United States v. Law*, 354 F. App'x 738, 738 (4th Cir. 2009) (No. 09-7288). Furthermore, a court does not enjoin itself. *Cf. Penoro v. Rederi A/B Disa*, 376 F.2d 125, 129 (2d Cir. 1967).

Thus, because the Tax Court's order is not a final decision and is not an appealable collateral order, a marginal order within the twilight zone of finality, or an order that had the effect of denying an injunction, we conclude that we do not have jurisdiction over the Appellants' appeal, and the appeal is subject to dismissal.

The Appellants have also filed a motion to convert their appeal into a petition for writ of mandamus. "A district judge's refusal to disqualify himself can be reviewed in this circuit by way of a petition for a writ of mandamus." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). Thus, we grant the motion and proceed to the merits of the petition.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Kerr v. U.S. Dist. Court,* 426 U.S. 394, 402 (1976); *Cumberland Cty. Hosp. Sys., Inc. v. Burwell*, 816 F.3d 48, 52 (4th Cir. 2016). A petitioner must show that

first, he has "no other adequate means to attain the relief he desires." *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004) (internal quotation marks omitted). Second, a petitioner must show that he has a "clear and indisputable" right to the relief sought. *Id.* at 381. Finally, "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.*

The Appellants appear to contend that we should grant the motion to convert their appeal but not rule on the merits of the petition, instead allowing for a reinstatement of the briefing schedule. But this would amount to a backdoor entrance to an interlocutory appeal, in clear contravention of I.R.C. § 7482(a) and 28 U.S.C. § 1291, which thus would strongly suggest that a writ would not be "appropriate under the circumstances." *See Cheney*, 542 U.S. at 381. In any event, the standards for evaluating the Appellants' argument in a normal appeal versus a petition for writ of mandamus are entirely different: in seeking a writ of mandamus, it is not enough that the Appellants' arguments be correct—they must be indisputably correct. *See id.* But two courts have ruled contrary to the Appellants' arguments, notwithstanding their differing rationales, *see Kuretski*, 755 F.3d at 938-45; *Battat*, 2017 WL 449951, at \*12-16, and no court has ruled in favor of the Appellants' arguments. As a result, even if the Appellants' arguments were ultimately found to be correct, they are not "clear[ly] and indisputabl[y]" correct. *See Cheney*, 542 U.S. at 381. Thus, we conclude the Appellants are not entitled to a writ of mandamus.

Accordingly, we grant the Commissioner's motion to dismiss and dismiss the appeal. We grant the Appellants' motion to convert the appeal into a petition for writ of

mandamus and deny the petition.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*APPEAL DISMISSED;*
*PETITION DENIED*